# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **KENT JEROME RAMSEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12CV00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | By:  James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,**[1] | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, PC, Wise, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Timothy F. Kennedy, Assistant Regional Counsel, and Maija Pelly DiDomenico, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

I

Plaintiff Kent Jerome Ramsey filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for a disability insurance benefits ("DIB") under Title II of the Social Security Act

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

("Act"), 42 U.S.C.A. §§ 401-434 (West 2011 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g).

Ramsey filed for DIB on August 4, 2008, alleging disability beginning July 10, 2008, due to bilateral carpal tunnel syndrome, knee injuries, and "bad nerves." (R. 191.)  After preliminary denials of his claims, he obtained a hearing before an administrative law judge ("ALJ") on November 18, 2010, at which he was represented by counsel and during which he testified along with an impartial vocational expert.  On December 10, 2010, the ALJ issued a written decision finding that Ramsey was not disabled under the Act.  Ramsey requested review by the Social Security Administration's Appeals Council.  The Appeals Council denied his request for review on May 24, 2012, thereby making the ALJ's decision the final decision of the Commissioner.  Ramsey then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed.  The case is ripe for decision.

II

At the time of the alleged onset date of disability, Ramsey was 43 years old. He has an eighth-grade education and has worked in the past as a tire mechanic, underground coal miner, dump truck driver, and loader operator.  In his written

decision, the ALJ reviewed Ramsey's medical history and the testimony presented at the hearing and set forth at length the reasons for his factual findings. He found that Ramsey had the severe impairments of "osteoarthritis and allied disorders and borderline intellectual functioning." (R. 25.) He determined that Ramsey did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments set forth in the Social Security regulations. The ALJ found that Ramsey had the residual functional capacity to perform medium work as defined in the regulations, with appropriate limitations. While Ramsey could not return to his past work, the ALJ determined — based upon the testimony of the vocational expert — that Ramsey was capable of performing jobs existing in significant numbers in the national economy and was not disabled.

It is contended in the present case that the ALJ erred in failing to properly analyze in his decision the evaluation of Ramsey's mental impairments by B. Wayne Lanthorn, Ph.D., a psychologist to whom Ramsey was referred by his lawyer. In addition, it is argued that the ALJ was mistaken in his determination of Ramsey's residual functional capacity.

### III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for

disability is strict.  The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process.  The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy.  20 C.F.R. § 404.1520(a)(4) (2013).  The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*,

402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standard.

### DR. LANTHORN'S EVALUATION.

Dr. Lanthorn evaluated Ramsey's mental status on March 23, 2010, and produced an 11-page narrative report of that evaluation, along with a three-page checkbox assessment form entitled "Medical Assessment of Ability to Do Work-Related Activities (Mental)." (R. 667-81.) The plaintiff complains that the ALJ "fail[ed] to discuss the medical assessment" and thus "erred by failing to address all the evidence in the record and indicate the weight given to such evidence." (Pl.'s Mem. Supp. Mot. Summ. J. 6.) However, I agree with the Commissioner that the ALJ's decision indicates that he fully considered Dr. Lanthorn's material

opinions concerning Ramsey's mental impairments, even if he did not specifically reference the checkbox assessment form.

## THE CLAIMANT'S RESIDUAL FUNCTIONAL CAPACITY.

Ramsey was treated for 18 months by Susan Myers, a licensed clinical social worker. The plaintiff submitted checkbox assessment forms from Myers, indicating Ramsey's lack of ability to function in various job activities because of his mental depression. (R. 726-28, 777-79.) The ALJ considered and rejected Myers' opinions, both because she was not an acceptable source of controlling medical opinion under the Social Security regulations, 20 C.F.R. § 404.1513(a) (2013), and because in any event her checkbox opinions were not consistent with her ongoing treatment notes. (R. 27.)

Ramsey was additionally treated by Melana Mullins, a nurse practitioner at a clinic operated by Stone Mountain Health Services. Mullins also provided checkbox medical assessment forms (R. 718-20, 722-24, 781-83) that indicated Ramsey's lack of ability to perform work-related activities. In particular, Mullins opined that Ramsey's impairments would cause him to be absent from work for more than two days a month. (R. 720, 724, 783.) As with LCSW Myers, the ALJ found that these opinions were not from an acceptable medical source and were inconsistent with the remaining record. The ALJ noted the lack of severely limiting restrictions placed upon him by his treating physicians, as well as the

opinions of the state agency medical consultants, Richard Surrusco, M.D., and Frank M. Johnson, M.D., who found that Ramsey retained the ability to perform a range of medium exertional work. (R. 402-08, 458-64).

Even were the opinions from Myers and Mullins from acceptable medical sources, such an opinion will be given controlling weight only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2) (2013). The ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). I find that the ALJ did not err in discounting the assessments from Myers and Mullins. Accordingly, the ALJ's determination of Ramsey's residual functional capacity was supported by substantial evidence.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: December 13, 2013

/s/ James P. Jones
United States District Judge